UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY RANDOLPH,

    Plaintiff,

v.                                                                                                  Case No. 8:22-cv-1822-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1968, has a limited education, and has no past relevant work experience. (R. 244, 656, 694–95). In June 2016, the Plaintiff applied for DIB and SSI, alleging disability as of November 2001 due to major depression, daily migraines, a "very bad back," arthritis in his hands, tendinitis in both of his elbows, problems with his hips, knees, and shoulders, and issues with "stay[ing] focused," "be[ing] around a lot of people," and "be[ing] boxed in." (R. 100–01, 114–15). The

Social Security Administration (SSA) denied the Plaintiff's applications both initially and on reconsideration. (R. 124–25, 150–51).

After conducting a hearing on the matter, an Administrative Law Judge (ALJ) authored a decision in March 2019 finding that the Plaintiff was not disabled. (R. 15–72). The Appeals Council subsequently denied the Plaintiff's request for review of that decision, rendering it the final decision of the Commissioner. (R. 1–8); *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted). On the Plaintiff's appeal to this Court, however, the Commissioner asked for the case to be remanded to the SSA so that the ALJ could reassess the Plaintiff's residual functional capacity (RFC) and, in doing so, further evaluate the medical opinion evidence of record. (R. 751–58). The Court granted the Commissioner's request. (R. 756–57).

On remand, a different ALJ held another hearing regarding the Plaintiff's DIB and SSI applications. (R. 690–722). The Plaintiff was represented by counsel at that proceeding and testified on his own behalf. *Id.*

In a decision issued in November 2021, the second ALJ determined that the Plaintiff (1) had not engaged in any substantial gainful activity since his application date in June 2016; (2) had the severe impairments of schizophrenia, bipolar disorder, left hip arthritis, major depressive disorder, status-post left ankle fracture, status-post right shoulder repair, lumbar spine degenerative disc disease, and right knee degenerative joint disease; (3) did not, however, have an impairment or combination

of impairments that met or medically equaled the severity of any of the listings;[1] (4) had the RFC to perform light work subject to certain limitations; and (5) had no past relevant work but was capable of making a successful adjustment to other jobs that exist in significant numbers in the national economy. (R. 643–66). In light of these findings, the second ALJ concluded that the Plaintiff was not disabled. (R. 657–58).

The Appeals Council again denied the Plaintiff's request for review. (R. 623–29). Accordingly, the second ALJ's decision became the final decision of the Commissioner. *Viverette*, 13 F.4th at 1313.

II.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are

---

[1] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA considers significant enough to prevent a person from performing any gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). When a claimant's affliction matches an impairment in the listings, the claimant is automatically entitled to disability benefits. *Id.*; *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).
[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To determine whether a claimant is disabled, the Social Security Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[3] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals one of the listings; (4) has the RFC to engage in his past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). Although the claimant bears the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278–79 (11th Cir. 2020) (citation omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove he cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "'the overall burden of demonstrating the existence of a disability . . . rests with the claimant.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks and citations omitted). In evaluating whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or make credibility determinations. *Viverette*, 13 F.4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). While a court will defer to the Commissioner's factual findings, it will not defer to her legal conclusions. *Viverette*, 13 F.4th at 1313–14; *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

### III.

The Plaintiff's principal challenge on appeal is that the ALJ improperly "substituted" his own opinion of the relevant medical evidence for the "uncontradicted" opinion of a state agency consulting physician, Dr. P.S.

5

Krishnamurthy. (Doc. 19). After careful review of the parties' submissions and the record, the Court finds that the Plaintiff's challenge lacks merit.

The Plaintiff's claim of error largely centers around his capacity to stand and walk. As reflected in the ALJ's decision, the Plaintiff reported that he had difficulty "walking more than a few feet" due to "chronic pain in his back, shoulders, left hip, left ankle, and right knee." (R. 651). As also reflected in the ALJ's decision, the Plaintiff was injured in July 2020 while riding an all-terrain vehicle, causing him to experience pain in his left ankle. (R. 653). The Plaintiff alleged that due to these and other infirmities, he was required for "several years" to use a cane and, more recently, a rolling walker. (R. 651).

Dr. Krishnamurthy reviewed the information in the record and concluded, in pertinent part, that the Plaintiff could only stand and/or walk with normal breaks for a total of two hours. (R. 144–47). In his decision, the ALJ substantially credited Dr. Krishnamurthy's opinion overall but rejected Dr. Krishnamurthy's proposed standing/walking limitation for the Plaintiff. In particular, the ALJ determined:

> [Dr. Krishnamurthy] opined that the [Plaintiff] can perform light work, standing/walking two hours in a day, with postural, manipulative, and environmental [restrictions]. This opinion is given relatively significant weight, as it is based on Dr. Krishnamurthy's full review of the record, showing some pain and decreased range of motion in the [Plaintiff's] back and joints; but relatively mild pathology shown by imaging, and good results from conservative treatment, with observations revealing independent ambulation and good overall strength and range of motion. *However, the limitation to standing/walking only two hours is given no weight, as observations of ambulation with a normal gait far outweigh the infrequent*

6

>*observations of ambulation difficulties, and there is no evidence that the [Plaintiff's] recent alleged ankle injury will be an ongoing issue.*

(R. 655) (emphasis added) (internal citations omitted). Having discounted Dr. Krishnamurthy's assessment that the Plaintiff could not stand or walk for longer than two hours during a workday, the ALJ concluded that the Plaintiff could perform light work with some restrictions not relevant here. (R. 650); *see also* SSR 83-10, 1983 WL 31251, at *5–6 (observing that light work "requires standing or walking, off and on, for a total of approximately [six] hours of an [eight]-hour workday" and that "[s]itting may occur intermittently during the remaining time").

The Plaintiff now contends that the ALJ "played doctor" in supplanting his own opinion for that of Dr. Krishnamurthy regarding the Plaintiff's ability to stand or walk for more than two hours in a given workday. (Doc. 19). To buttress this claim, the Plaintiff asserts, *inter alia*, that the ALJ "was simply not qualified to interpret raw medical data in functional terms" and that there is no medical opinion bolstering the ALJ's contrary finding in any event. *Id.*

It is well established that an ALJ may not arbitrarily substitute his own opinion for that of a medical professional. *See Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982) (per curiam); *Marbury v. Sullivan*, 957 F.2d 837, 840–41 (11th Cir. 1992) (per curiam) (Johnson, J., concurring specially); *Siracuse v. Acting Comm'r of Soc. Sec. Admin.*, 2017 WL 2644615, at *5 n.7 (M.D. Fla. June 20, 2017) (citation omitted). Such a scenario may occur when an ALJ "plays doctor" and takes it upon himself to analyze medical evidence beyond his ken, rather than confine himself to his proper

7

role as "an adjudicator responsible for assessing [a claimant's] RFC" and for evaluating the medical opinions of record. *See Castle v. Colvin*, 557 F. App'x 849, 853–54 (11th Cir. 2014) (per curiam); *see also Rosario v. Comm'r of Soc. Sec.*, 2018 WL 5300202, at *4 (M.D. Fla. Aug. 23, 2018) (deeming the ALJ to have impermissibly "played doctor" when she formed her own judgment about the appropriate treatment for the claimant) (citations omitted), *report and recommendation adopted*, 2018 WL 5293230 (M.D. Fla. Oct. 25, 2018).

An ALJ does not "play doctor," however, merely by determining a claimant's RFC based upon his review of the record as a whole. *Castle*, 557 F. App'x at 853–54. Indeed, the pertinent regulations obligate an ALJ to render such an assessment. *Id.*; *see also Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 945 (11th Cir. 2016) (per curiam).

Moreover, of significance to the Plaintiff's challenge, there is no *per se* requirement that an ALJ base his RFC finding on a medical opinion regardless of the source. *Castle*, 557 F. App'x at 854 (ruling the district court erred in necessitating that the ALJ's determination be grounded on a medical source opinion); *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 923–24 (11th Cir. 2007) (per curiam) (concluding that the ALJ did not err in predicating the claimant's RFC on the medical evidence before him even though that finding conflicted with the only medical opinion of record, which the ALJ discredited); *Gray v. Comm'r of Soc. Sec.*, 2019 WL 3934441, at *9 (M.D. Fla. Aug. 20, 2019) ("The [c]laimant has failed to cite any authority—and the [c]ourt is unaware

8

of any—creating a rigid requirement that the ALJ's RFC determination must be supported by a medical opinion."); *Falberg v. Colvin*, 2015 WL 12840465, at *5 (M.D. Fla. July 16, 2015) (rejecting the claimant's argument that the ALJ acted on "his own hunch" where the ALJ "made a well-reasoned determination in accordance with his duty to assess the evidence"). Instead, all that is necessary is that the ALJ's RFC finding be buttressed by substantial evidence. *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 602 (11th Cir. 2017).

The Plaintiff's contention that the ALJ "played doctor" is wholly lacking here. While the Plaintiff complains that the ALJ impermissibly "interpret[ed] raw medical data in functional terms" (Doc. 19), he does not identify any such data that the ALJ independently analyzed. The Plaintiff's failure to specify the underpinnings of this claim of error constitutes a waiver on the matter. *See Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 899 (11th Cir. 2022) (deeming an issue to be forfeited because it was "raise[d] . . . in a perfunctory manner") (internal quotation marks and citation omitted); *Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (per curiam) ("Issues raised in a perfunctory manner . . . are generally deemed to be waived.") (internal quotation marks and citation omitted); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (per curiam) (finding that a plaintiff waived an argument "because he did not elaborate on [the] claim or provide citation to authority about [it]") (citation omitted).

Putting aside this deficiency, it is evident from the ALJ's decision that the information the ALJ did consider relative to the Plaintiff's capacity to stand and/or

walk for a period longer than that proposed by Dr. Krishnamurthy was appropriate and adequately bolstered the ALJ's findings. This information consisted in the main of progress notes compiled by the Plaintiff's medical providers which revealed that he could walk normally. (R. 655). This included notations from August 2016 through December 2018 reflecting that the Plaintiff had a "normal gait" and could walk independently (R. 351, 1096, 1110, 1117), documentation from February 2020 reporting that the Plaintiff had no difficulty walking (R. 1270), and records from February 2021 describing the Plaintiff as displaying a normal range of motion in all of his joints (R. 1229–30).

In contrast to the ample evidence of the Plaintiff's ability to ambulate, the ALJ noted that the Plaintiff was only infrequently witnessed experiencing any difficulty with walking. (R. 655). As examples of such limited instances, the ALJ cited a record showing that one physician described the Plaintiff as walking with a "slight limp" during May 2021 (R. 655, 1309) and, earlier in his decision, referred to another record characterizing the Plaintiff as ambulating at another juncture with a "slightly limping gait" (R. 652, 1265). The ALJ additionally explained in his decision that although the Plaintiff was seen using a cane "[o]n at least one occasion," there was no assessment by a healthcare professional that such an assistive device was required. (R. 652). The ALJ relatedly noted that while the Plaintiff advised he employed a walker, "there [did] not appear to be either any observation of ambulation with a walker or [any] indication [during this period] that a provider determined it was medically necessary." *Id.* (citations omitted).

10

As for the Plaintiff's ankle injury stemming from the all-terrain vehicle accident in July 2020, the ALJ pointed out that the Plaintiff removed his splint two weeks after the incident on his own accord. (R. 653). The ALJ also pointed out, *inter alia*, that after the Plaintiff's ankle was subsequently placed in a cast and the Plaintiff received further "conservative treatment," he was observed by early 2021 "to be in no distress and ambulating independently with a normal gait." (R. 653) (citations omitted).

In sum, the Plaintiff's claim that the ALJ "played doctor" is unsupported, and there is substantial evidence to buttress the ALJ's RFC determination. *Sims*, 706 F. App'x at 604; *Castle*, 557 F. App'x at 853–54. And contrary to the Plaintiff's suggestion, the fact that the ALJ did not base his RFC finding on the opinion of another medical provider after discounting Dr. Krishnamurthy's standing and walking restriction does not undermine the ALJ's assessment. As the Eleventh Circuit has emphasized in this regard, "[a] claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) (per curiam) (citation omitted); *see also Castle*, 557 F. App'x at 854; *Green*, 223 F. App'x at 923–24; *Gray*, 2019 WL 3934441, at *9; *Riley v. Comm'r of Soc. Sec.*, 2023 WL 2894366, at *3 (M.D. Fla. Apr. 11, 2023).

The Plaintiff alternatively challenges the ALJ's RFC finding by singling out items in the record which he believes bolster Dr. Krishnamurthy's opinion that he could not stand or walk for more than two hours. (Doc. 19 at 6–7). This evidence includes an April 2019 x-ray noting degenerative changes of the Plaintiff's hip and

11

sacroiliac joints, as well as the Plaintiff's reports of back pain, use of narcotic medication, and receipt of epidural steroid injections. *Id.* (citations omitted). This line of attack is unpersuasive.

As an initial matter, the ALJ considered this and other similar evidence in his decision, *see, e.g.*, (R. 652) (discussing an x-ray and MRI of the Plaintiff's lumbar spine, as well as the Plaintiff's reported benefit from the use of epidural steroid injections), and it is not role of the Court on appeal to reweigh this information or to decide the facts anew. *Carter*, 726 F. App'x at 739 (stating that a reviewing court may not "reweigh the evidence" or "decide the facts anew") (citing *Moore*, 405 F.3d at 1211). Furthermore, "[u]nder [the] substantial evidence standard of review, [the Plaintiff] must do more than point to evidence in the record that supports [his] position; [he] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims*, 706 F. App'x at 604 (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam)). The Plaintiff has not done so here.

Lastly, the Plaintiff contends that the ALJ should have ordered an updated consultative physical examination or solicited a medical advisor to provide sworn testimony at the hearing or by way of interrogatories if the ALJ had "reservations" about Dr. Krishnamurthy's assessment. (Doc. 19 at 7). The Plaintiff, however, does not cite the governing standard regarding the ALJ's obligation to develop the record and has therefore waived any such contention. *See Harner*, 38 F.4th at 899; *Battle*, 787 F. App'x at 687; *Outlaw*, 197 F. App'x at 828 n.3.

Even if the Plaintiff has not waived the issue, his argument is meritless in any event. A claimant seeking remand on the theory that an ALJ did not secure a consultative exam bears the burden of demonstrating not only that the ALJ erred in forgoing such an exam, but also that the claimant was harmed by the ALJ's decision on the subject. *See Mosley v. Comm'r of Soc. Sec.*, 633 F. App'x 739, 742 (11th Cir. 2015) (per curiam) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). To establish the requisite harm, a claimant must show that there are evidentiary gaps in the record that result in unfairness or "clear prejudice" warranting remand. *Mosley*, 633 F. App'x at 742; *see also Goode*, 966 F.3d at 1280 (observing that "[r]emand for further factual development of the record . . . is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice") (citation omitted); *Riley*, 2023 WL 2894366, at *4 ("An ALJ need not obtain additional information, seek expert medical testimony, nor order a consultative examination when the record is sufficient to make a disability determination.") (citing *Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014)). If the record is complete on the other hand, the ALJ may determine the RFC from the record. *Riley*, 2023 WL 2894366, at *4. Here, the Plaintiff fails to identify any evidentiary gaps or cite any case authority demonstrating that the ALJ was compelled to pursue of any the approaches advocated by the Plaintiff.

IV.

In light of all the above, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

13

2. The Clerk is directed to enter Judgment in the Defendant's favor and to close the case.

SO ORDERED in Tampa, Florida, this 28th day of September 2023.

*[Signature]*

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

14